UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL DWAYNE ASHWELL LAW,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　　Defendant. | CASE NO. **2:25-cv-00585-RSL**<br><br>**ORDER DISMISSING CASE AS DUPLICATIVE OF 2:25-CV-00584-JHC** |

　　　On April 2, 2025, plaintiff filed three duplicative lawsuits. Plaintiff's first complaint, against the University of Washington and "Dr. Mat Williams," alleges "Malicious torture by mafia, homosexual reprogramming" and "Manchurian torture through psychic driving." Plaintiff avers the amount in controversy is "1.8 bil" dollars and as relief requests "Records of life absolved and remantled." *See* 2:25-cv-00584-JHC. Plaintiff also filed a complaint against the State of Washington raising the same claim and seeking the same relief. *See* 25:cv-00586. In the complaint herein, plaintiff sues the United States of America again alleging "Malicious torture by mafia, homosexual reprogramming" and "Manchurian torture through psychic driving. *See* Dkt. 1 (complaint).

　　　A plaintiff generally has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant. *Adams v. Cal.*

*Dep't of Health Servs*., 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). To determine if a second action is duplicative of the first, the Court examines if the causes of action, relief sought, and parties to both actions are the same." *Adams*, 487 F.3d at 689. This examination involves assessing whether (1) the rights or interests established in the prior judgment would be impaired by prosecution of the second action; (2) substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Adams*, 487 F.3d at 689.  The last criterion—whether the two suits arise out of the same transaction nucleus of facts—is the most important. *Id*.

      After weighing the equities of the cases, the district court has the discretion to dismiss a duplicative later-filed action or consolidate both actions. *Id*. at 688. Here, the complaint before the Court appears to arise out of the same nucleus of facts. While Plaintiff pleads virtually no facts, he avers he resides in Seattle. Thus, the claim he has presented in three complaints appears to be related to the University of Washington and a doctor ostensibly working for the University of Washington, who he names as defendants in his first complaint.  The Court accordingly finds this complaint is duplicative of the complaint filed in 2:25-cv-00584-JHC and accordingly ORDERS:

//

//

ORDER DISMISSING CASE AS
DUPLICATIVE OF 2:25-CV-00584-JHC - 2

1. This case is DISMISSED, and Plaintiff application to proceed *in forma pauperis* is STRICKEN as moot.

2. The Clerk shall provide Plaintiff a copy of this Order.

DATED this 4th day of April, 2025.

*/s/ Robert S. Lasnik*
ROBERT S. LASNIK
United States District Judge

ORDER DISMISSING CASE AS
DUPLICATIVE OF 2:25-CV-00584-JHC - 3